

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

Cause No.: ____:26-cv-_____      4-26CV-125-P

| | |
|---|---|
| KELLI MARIE MCKENZIE, *a.k.a.* KELLI MARIE RAYBURN,    Plaintiff and Counter-Defendant, <br><br> v. <br><br> LEWIS BROOKS MCKENZIE, individually as    Defendant and Counter/Cross-Plaintiff, *and* as Relator *ex rel.* UNITED STATES,    Statutory Intervenor and Cross-Plaintiff, <br><br> v. <br><br> STATE OF TEXAS, JUDITH G. WELLS in her individual capacity, and HOLLY L. HAYES,    Cross-Defendants. | In a removal from the 233rd Judicial District Court of Tarrant County, TX State case number: 233-651265-18 (*"In the Interest of D.B.K., a Child"*) Judith G. Wells, presiding <br><br><br><br><br><br> FORMAL DEMAND FOR JURY TRIAL <br><br> CONSTITUTIONAL CHALLENGES <br><br> INJUNCTIVE RELIEF REQUESTED |

## Lewis Brooks McKenzie's Notice of Constitutional Questions to Texas State Statutory Schemes

COMES NOW Counter/Cross-Plaintiff, Lewis Brooks McKenzie, noticing the Court, Clerk, all counsel and all parties of formal raising of five (5) challenges to the unconstitutionality of two (2) sets of state statutory schemes of the State of Texas, as are described below and stated thusly:

### THE COURT'S DUTY TO ISSUE CERTIFICATION TO ATTORNEY GENERAL PAXTON

Constitutional challenges have been raised against state statutes of the State of Texas. This is the focal point essence of Section 1443 removal... to challenge validity of state statutes.

The State of Texas has both a right and duty to defend the constitutionality of its statutes.

Pursuant to FRCvP 5.1(b) and 28 USC § 2403(b), the Court *may now optionally* certify the fact of said constitutional challenges raised directly to Texas Attorney General Ken Paxton.

If issued at all, the *optional* duty of the Court herein is to promptly issue such certification.

## FIVE (5) DISTINCT CHALLENGES TO TEXAS STATE STATUTORY SCHEMES

Counter/Cross-Plaintiff brings five (5) distinct general constitutional challenges with regards to the Texas Family Code, in respect to any state statute thereof (e.g., TX Family Code §§ 105.001, 105.005, 105.006, et seq., 153.002, 153.004, 153.005, et seq., §§ 156.006, 156.101, 156.102, et seq., and variously similar many others, even entire Chapters of the Family Code) that ostensibly pretend to [A] mistakenly authorize any impingement or disturbance of any natural citizen parent's pre-existing, superior, and full child custody rights *without first finding* that same parent adjudicated guilty of (very) serious parental unfitness by clear and convincing evidence as well established constitutional prerequisite, see also [B] the directly-related constitutional challenge that any such statutes mistakenly authorize any impingement, disturbance or alteration of child custodial rights under any mere preponderance evidentiary standard when it is well established that any impact to the custodial rights of a minor child requires the clear and convincing evidentiary standard, also [C] the total lack of available jury trial option prior to fundamental rights of child custody just being summarily modified by issuances of "temporary" and such similar orders, [D] the utter fallacy of natural parents having no legal standing to directly sue each other in seeking curtailing of the other parent's fundamental rights of child custody, and the clear issue [E] in respect to any state statute ostensibly authorizing, and/or any actual pattern or practice of, Texas "family court" judicial officers being involved with either creating, modifying and/or enforcing any Title IV-D child support orders *of their own individually-respective counties*, due to the same directly clear conflicts of fiduciary interests in being direct pecuniary beneficiaries of the Title IV-D system.

In summary restatements, those five (5) constitutional challenges raised are:

a) The family courts of the State of Texas are routinely acting in wholly unlawful basis by pretending to issue out ostensible "orders" of "child support" and "visitation" and so forth, i.e., various *secondary* orders violating various Liberty and Property issues, all based upon a primary "custody" order that the given family court <u>never even had any proper and valid subject matter jurisdiction for</u>, because no court or other agency of the State of Texas may ever acquire jurisdiction over a parent-child relationship *until first meeting* that constitutional prerequisite – *first* alleging very serious parental unfitness;

b) Regardless of the above manifestly-repugnant constitutional infirmity, no court or unit or actor or agent of the State of Texas may ever attempt to alter any child custodial rights betwixt any parties (public and/or private) upon any mere preponderance standard but must *always* use the clear and convincing evidentiary standard to do any such thing;

c) Fundamental constitutional rights, such as parental rights of child custody, are always entitled to pre-deprivation due process, including defense option of jury trial, which the State of Texas does not provide against its family courts issuing ostensible "temporary" or other initial court orders that presume to deprive fundamental rights of custody;

d) Private party natural parents have no legal standing to sue each other in seeking to limit, deprive and/or otherwise modify fundamental rights of child custody, because only the State has the sole legal standing to attack any individual's fundamental rights; and,

e) All judicial officers of *any particular, given* Texas county are precluded by law from any prior, present, and/or future involvement in any cases *of their own same county involving child support*, due to the express statutory conflicts of all such judges, their own respective county, their county clerk, etc., in all being direct beneficiaries of, and each with those corresponding fiduciary interests in, the very same Title IV-D system.

Hence, for any one (1) or all five (5) of the above reasons of manifest unconstitutionality, *every* single present similarly-situated "family court" case of the courts of the State of Texas is, and clearly must be, **absolutely void for total lack of due process… directly on their faces.**

The State of Texas <u>has</u> already been an active party within the instant state court case, vis-à-vis intervening via the Texas OAG as regards such same alleged "child support" matters.

Accordingly, the Court may *optionally* certify the fact of said constitutional challenges to said statutory schemes and Title IV-D system unto the Texas Attorney General. FRCvP 5.1(b).

The State of Texas has both a right and duty to defend the constitutionality of its statutes.

<u>REQUIRED F.R.Cv.P. Rule 5.1(a)(1) LISTING:</u>

The required listing of papers herein relevant to the discussion of this issue include:

   a) the filing entitled, <u>Verified Petition for Warrant of Removal with Counter/Cross-Complaint upon Human Trafficking for Damages</u>, and the very same as it may be amended; *and*,
   b) all other filings entered within these matters, *passim*.

**WHEREFORE**, undersigned Counter/Cross-Plaintiff notifies the Court and all parties of said constitutional challenges raised herein, notifies the Court of its option to also certify the same unto the Texas Attorney General, and prays for all further relief true and just within the premises.

Respectfully submitted,

_____
Lewis Brooks McKenzie
4207 Bayside Court
Arlington, TX 76016
Tel: (972) 837-5678
Email: LBMTCU@gmail.com
*Counter/Cross-Plaintiff Party of Record*

4

CERTIFICATE OF SERVICE

I hereby certify: that on this _5th_ day of February, 2026, a true and complete copy of the above *notice of constitutional questions to Texas state statutory schemes*, by depositing same with standard Rule 4(d) Waiver of Service forms via certified first class postage prepaid mail, RRR via USPS, has been duly served upon:

*(Statutory Intervenor/Plaintiff United States)*
The United States
c/o U.S. Attorney General Pam Bondi
Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

*(Cross-Defendant State of Texas)*
State of Texas
c/o Secretary of State Executive Office
P.O. Box 12887
Austin, TX  78711-2887

*(Cross-Defendant Judith G. Wells)*
Judith G. Wells, SBN 21150350
c/o 233th District Court of Tarrant County
Family Law Center
200 E. Weatherford Street, Fifth Floor
Fort Worth, TX  76196-0227

*(Counter-Defendant Kelli Marie McKenzie)*
Kelli Marie (Rayburn) McKenzie
7913 Hannah Street
Plano, TX  75075-6203

*(Statutory Intervenor/Plaintiff United States)*
The United States
c/o U.S. Attorney Ryan R. Raybould
United States Department of Justice
Office of the U.S. Attorney TXND
1100 Commerce Street, Third Floor
Dallas, TX  75242-1699

*(Cross-Defendant State of Texas)*
State of Texas
c/o Attorney General W. Kenneth Paxton
c/o Holly L. Hayes, SBN 24110698
Child Support Division
2001 Beach Street, Suite 700
Fort Worth, TX  76103-2300

*(Cross-Defendant Holly L. Hayes)*
Holly L. Hayes, SBN 24110698
c/o Office of the Attorney General
Child Support Division
2001 Beach Street, Suite 700
Fort Worth, TX  76103-2300

Lewis Brooks McKenzie