UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

Cause No.: 4:26-cv-00125-P-BJ

| | |
|---|---|
| **KELLI MARIE MCKENZIE,** *a.k.a.* **KELLI MARIE RAYBURN,** Plaintiff and Counter-Defendant, ) ) ) ) ) ) ) | ) **In a removal from the 233rd Judicial District Court of Tarrant County, TX** ) **State Case Number: 233-651265-18** ) *("In the Interest of D.B.K., a Child")* Judith G. Wells, ) presiding |
| v. ) | ) |
| **LEWIS BROOKS MCKENZIE,** individually as Defendant and Counter/Cross-Plaintiff, *and* as Relator *ex rel.* UNITED STATES, Statutory Intervenor and Cross-Plaintiff, ) ) ) ) ) ) ) | |
| v. ) | ) |
| **STATE OF TEXAS, JUDITH G. WELLS** in her individual capacity, and **HOLLY L. HAYES,** Cross-Defendants. ) ) ) ) ) ) | ) **FORMAL DEMAND FOR JURY TRIAL** ) ) **CONSTITUTIONAL CHALLENGES** ) ) **INJUNCTIVE RELIEF REQUESTED** |

# MOTION TO RECUSE DISTRICT JUDGE MARK T. PITTMAN PURSUANT TO 28 U.S.C. § 455(a) AND § 455(b)(1)

COMES NOW Dr. Lewis Brooks McKenzie (hereinafter "Movant" or "Dr. McKenzie"), Defendant, Counter/Cross-Plaintiff, and Relator ex rel. United States, moving this Court to recuse District Judge Mark T. Pittman pursuant to 28 U.S.C. § 455(a) (appearance of impartiality) and § 455(b)(1) (personal bias or prejudice). This recusal is required due to Judge Pittman's deep, well-documented personal and professional connections to key figures in the underlying Tarrant County family court proceedings, including but not limited to 8th Administrative Judicial Region Presiding Judge David L. Evans (a named defendant in multiple complaints filed by Movant), as well as connections to other Tarrant County court actors such as Judge Judith G. Wells and related officials.

## I.    FACTUAL BASIS FOR RECUSAL

**1. Connections to David L. Evans (8th Administrative Judge and Named Defendant):**
Judge Pittman has a long and prominent personal and professional relationship with Judge David L. Evans, who serves as Presiding Judge of the 8th Administrative Judicial Region of Texas

(which includes Tarrant County and exercises administrative oversight over its courts, including the 233rd District Court). Judge Evans is a named defendant (or closely tied to the defendants) in verified criminal complaints filed by Movant concerning systemic issues in Tarrant County family courts.

   - Judge Pittman was instrumental in establishing the Honorable David L. Evans '71 Dean's Endowed Scholarship at Texas A&M University School of Law to honor Judge Evans. Pittman, along with others, led this grassroots effort, publicly praising Evans' "prodigious work ethic," commitment to the legal profession, and adherence to the "lawyer's creed." Pittman has stated that being an "Evans Scholar" will be a notable achievement on resumes.
   - In federal cases before him, Judge Pittman has appointed Judge Evans as a mediator, demonstrating ongoing professional trust and reliance.
   - Both are Texas A&M University alumni with ties to the Fort Worth/Tarrant County legal community. Judge Pittman previously served as a state district judge (352nd District Court, Tarrant County, 2015–2017) and Justice on the Second Court of Appeals of Texas (covering Tarrant County, 2017–2019), during periods overlapping with or adjacent to Judge Evans' service in Tarrant County courts and his role as administrative presiding judge.

<u>These ties constitute a close professional association and, in the context of the scholarship and mediation appointments, suggest a fiduciary or deeply collegial relationship that creates an appearance of partiality, especially where Judge Evans (or the system he administers) is directly implicated in Movant's allegations of corruption, due process violations, and unconstitutional practices in Tarrant family courts.</u>

**2. Connections to Other Tarrant County Court Actors (e.g., Newell, Wells, Stone, and Related Officials):**
Judge Pittman's prior service on the Tarrant County bench and the Second Court of Appeals placed him in the same local judicial ecosystem as the actors in this removed case, including Judge Judith G. Wells (presiding judge in the underlying 233rd District Court matter and a named defendant here). Wells is a long-time Tarrant County family district judge (formerly 325th District Court). The 8th Administrative Judicial Region (under Evans) has oversight responsibilities that connect these figures.

<u>Similar interconnections exist with other named or implicated Tarrant County family court actors (e.g., references to judges or officials such as Newell in local standing orders and court administration). In a small, interconnected legal community like Fort Worth/Tarrant County, where Pittman served on the trial and appellate benches, these relationships further undermine the appearance of impartiality when reviewing a removal that challenges the very legitimacy of proceedings before those same actors.</u>

**3. Failure to Self-Recuse in the Prior Removal and Unlawful Sealing:**
This is not the first removal of the underlying state case to this Court. In the prior removal (approximately 4:25-cv-01322-P or similar), the case was also assigned to Judge Pittman. Despite his known relationships with Judge Evans and the Tarrant County judiciary, Judge Pittman failed to self-recuse. The removal was then sealed in perpetuity without a hearing, without review, and in a manner that Movant alleges violated due process (5th/14th

Amendments), public access rights (1st Amendment), Federal Rules, and judicial canons (e.g., Canon 3 requiring hearings; Canon 2 avoiding impropriety). This rapid, opaque handling suggests an appearance of bias or coordination to protect local actors and suppress exposure of alleged systemic issues, and it suggests a potential ex-parte between the federal and state courts that is wholly unacceptable.

<u>Judge Pittman's awareness (or constructive awareness) of these fiduciary and collegial ties, combined with the prior failure to recuse, compounds the reasonable question of impartiality in the current proceeding.</u>

## II.   CRIMINAL COMPLAINT / REFERRAL AGAINST DISTRICT JUDGE MARK T. PITTMAN

COMES NOW Dr. Lewis Brooks McKenzie, complaining under 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 242 (deprivation of rights under color of law) that District Judge Mark T. Pittman willfully deprived the undersigned of due process and other constitutional rights in the prior removal of this same underlying state case (approximately 4:25-cv-01322-P or similar, filed in 2025 and assigned to Judge Pittman).

Specifically, Judge Pittman failed to self-recuse despite his well-documented deep personal, professional, and fiduciary relationships with 8th Administrative Judicial Region Presiding Judge David L. Evans (a key figure and named defendant or closely tied actor in multiple complaints filed by Movant concerning Tarrant County family courts), including Pittman's leadership in creating the Honorable David L. Evans '71 Dean's Endowed Scholarship at Texas A&M University School of Law and his repeated appointments of Judge Evans as mediator in federal cases. Judge Pittman also caused or permitted the prior removal to be sealed in perpetuity without any hearing, review, or stated justification.

These acts, taken under color of federal law, violated procedural rules (including FRCP requirements for review), due process rights (5th and 14th Amendments), public access rights (1st Amendment), and judicial ethical canons (Code of Conduct for U.S. Judges, Canon 2 and Canon 3). The speed and opacity of the sealing, combined with the failure to recuse despite known conflicts, suggest possible coordination or conspiracy with state court actors to suppress the removal and prevent exposure of alleged corruption and constitutional violations in the Tarrant County family courts.

Movant respectfully requests that this criminal complaint be referred immediately to the United States Attorney for the Northern District of Texas and/or the U.S. Department of Justice for full investigation and, if warranted, prosecution.

Respectfully submitted this 9th day of February, 2026.

_____
Lewis Brooks McKenzie, PhD
4207 Bayside Ct

Arlington, TX 76016
Phone: (972) 837-5678
Email: LBMTCU@gmail.com

### III.  LEGAL STANDARD AND ARGUMENT

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This is an objective standard: whether a reasonable person, knowing all the facts, would question the judge's impartiality. Personal and professional relationships of the depth shown here, particularly honoring a defendant/administrative overseer with a named scholarship and appointing him as mediator, trigger this provision. See also § 455(b)(1) (personal bias or prejudice) and related case law on close associations in the same judicial community.

Recusal is mandatory to preserve public confidence in the judiciary. The prior sealing without process only heightens the appearance of impropriety.

### IV.  REQUEST FOR RELIEF

Movant respectfully requests that:
- Judge Pittman be recused from this case;
- The case be reassigned to another district judge in the Northern District of Texas, Fort Worth Division, or as appropriate;
- If the facts warrant (including the failure to self-recuse previously and the unlawful perpetual sealing of the prior removal), this matter be referred to the Chief Judge of the Northern District of Texas and/or the appropriate Judicial Council or investigative body for review of potential ethical violations or conduct inconsistent with the Code of Conduct for United States Judges; and
- Any other relief the Court deems just and proper, including preservation of all rights to challenge any orders issued without proper jurisdiction or process.

This motion is filed promptly upon learning of the assignment and in accordance with pro se instructions and applicable rules.

Respectfully submitted this 9th day of February, 2026.

_____
Lewis Brooks McKenzie, PhD
4207 Bayside Ct
Arlington, TX 76016
Phone: (972) 837-5678
Email: LBMTCU@gmail.com
Pro Se Defendant, Counter/Cross-Plaintiff, and Relator ex rel. United States

## V. VERIFICATION - UNSWORN DECLARATION JURAT

"My name is Lewis Brooks McKenzie, my date of birth is August 1, 1971, I am over 18 years of age, of sound mind and body, and my address is 4207 Bayside Court, Arlington, Texas 76016, Tarrant County, USA. I declare under penalty of perjury that the facts in the forgoing are within my personal knowledge and are true and correct. I am the Relator/Affiant in this matter and all of the documents included in this filing are true and correct copies **and that the included Appendixes and/or Exhibits are true and correct copies**."

_____
Lewis Brooks McKenzie, PhD
4207 Bayside Ct
Arlington, TX 76016
Phone: (972) 837-5678
Email: LBMTCU@gmail.com


Executed in Tarrant County, State of Texas, on this date February 9, 2026


## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2026, a true and complete copy of the above *affidavit on widespread corruption*, by depositing the same via first class postage prepaid mail, USPS, has been duly served upon each of the following:

*(Statutory Intervenor United States)*
United States) c/o U.S. Attorney General Pam Bondi Raybould
Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

*(Statutory Intervenor*
c/o U.S. Attorney Ryan
Office of the U.S. Attorney NDTX
1100 Commerce Street
3rd Floor
Dallas, Texas 75242

*(Cross-Defendant State of Texas)*
State of Texas
c/o Secretary of State Executive Office
P.O. Box 12887
Austin, TX  78711-2887

*(Cross-Defendant State of Texas)*
State of Texas
c/o Attorney General W. Kenneth Paxton
P.O. Box 12548
Austin, TX  78711-2548

*(Counter-Defendant Kelli McKenzie)*

Kelli Marie (Rayburn) McKenzie
2600 Kinship Pkwy
Apt. 7314, Celina, TX 75009

                                                                                                                                                                          _____
                                                                                                                                                                          Lewis Brooks McKenzie
                                                                                                                                                                          Plaintiff-Petitioner