**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KELLI MARIE MCKENZIE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 4:26-cv-00125-O-BP** |
| | § | |
| **LEWIS BROOKS MCKENZIE,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Lewis McKenzie removed the present case on February 5, 2026 from the 233rd Judicial District Court of Tarrant County, Texas. ECF No. 1. The same day, he moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. After considering the Complaint and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **REMAND** the case to the state court from whence it was removed.

**I.      BACKGROUND**

McKenzie for the fourth time attempts to challenge his Tarrant County family law case in this Court. *See* Civil Action Nos. 4:21-cv-00926-O, 4:23-cv-00371-O, and 4:25-cv-01322-O. In this case, as in Civil Action Nos. 4:23-cv-00371-O and 4:25-cv-01322-O, he purports to remove the family law case from state court and sues Defendants alleging federal law violations concerning ongoing state court litigation over the custody of his minor child and child support payments. ECF No. 1. According to a copy of the docket sheet in that case, which McKenzie attached as Exhibit A to his Complaint, the original petition for divorce was filed on November 5, 2018. *Id.* at 26.

McKenzie's Complaint makes sweeping allegations of impropriety involving the alleged unconstitutionality of the state court child custody system. *Id.* at 1. McKenzie alleges the state court system is unconstitutional and therefore any resulting judgments must be void. *Id.* at 2. He seeks an award of $1.6 billion to the federal government as a relator, and his corresponding *qui tam* share. *Id.* at 1. He also seeks to enjoin the state of Texas from further violations of "all natural parents' rights to due process." *Id.* at 21.

## II.    LEGAL STANDARDS

### A.    Title 28 U.S.C. § 1915

Because McKenzie is proceeding *in forma pauperis*, his Complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a claim on which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### B.       Removal and Remand

Not every case can be removed to federal court. The governing provision of the federal removal statute authorizes a defendant to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Court must have subject matter jurisdiction over the case or controversy removed. *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). To determine whether jurisdiction is present for removal, the Court must consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When removal is defective for lack of subject matter jurisdiction, the Court must remand the action regardless of whether the parties have moved the Court to do so. *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998); *see also Int'l Primate Protection League v. Adm's of the Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (holding that the literal words of § 1447(c) do not provide courts with discretion to dismiss, rather than remand, upon finding a lack of subject matter jurisdiction).

### C.       *Younger* Abstention

Federal courts have a "virtually unflagging obligation" to decide cases within their jurisdiction. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter

in the federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original).

However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (2013)). Federal courts have a duty to ensure abstention under *Younger* would not be proper for the cases before them and may itself raise the issue. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

## III.    ANALYSIS

### A.    The Court does not have subject matter jurisdiction under 28 U.S.C § 1443.

Section 1443 provides that "civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States" for two types of actions. 28. U.S.C. § 1443. First is an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." *Id.* Second is a claim "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.*

McKenzie cannot remove his case under either type of action. He has not alleged facts to show that he was denied or cannot enforce a right in state court, nor has he shown that he is a

federal officer or agent authorized to remove the second type of action. *Id*. at § 1443; *see City of Greenwood*, *Miss. v. Peacock*, 384 U.S. 808, 824 (1966) (holding that the second 1443 category permits only federal officers or agents, or those authorized to act on their behalf, to remove a case to federal court).

Under § 1443(1), a party must satisfy a two-pronged test to remove an action. *State of Ga*. v. *Rachel*, 384 U.S. 780, 792-94 (1966). First, he must show that the rights allegedly denied to him arise under a federal law that "provid[e] for specific civil rights stated in terms of racial equality." *Id*. at 792. Second, the party must assert that he was "denied or cannot enforce" the specific civil right in state court. *Id*. at 794.

The first prong of the *Rachel* test requires a showing that the "civil rights [violations] asserted arise under laws phrased specifically in terms of racial equality rather than in general terms of equality for all citizens comprehensively." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). "[B]road [constitutional] claims do not satisfy the test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983." *Id*. Thus, the courts construe removal under § 1443 narrowly "to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it." *Id*. McKenzie's Notice of Removal generally discusses the unconstitutionality of "child custody cases" and the deprivation of individuals' "superior natural parental rights to children." *See generally* ECF No. 1. However, he does not assert any racial discrimination claim in his Notice, other than a conclusory statement that white males are generally treated unfavorably in the child custody system. *Id*. at 3.

Accordingly, McKenzie's claims are broad and vague and do not assert violations of racial equity with the specificity required to remove his case under § 1443. *See Stanley v. Hayes*, No. 3:18-cv-1300-L-BK, 2018 WL 6737680, at *2 (N.D. Tex. Oct. 15, 2018) ("broad assertions of

5

constitutional violations do not satisfy *Rachel's* first prong"); *see also Dunn v. Miller*, No. 3:18-cv-967-B-BH, 2018 WL 2244703, at *5 (N.D. Tex. Apr. 27, 2018) ("conclusory and general claims of race discrimination do not satisfy the first prong under § 1443(1)"), *rec. adopted*, 2018 WL 2230656 (N.D. Tex. May 16, 2018).

The second prong of the *Rachel* test requires McKenzie to show a state law or policy that "prevents him from raising his federal claims or rights under the Constitution, as either defenses or counterclaims," in the state court proceedings. *Louisiana v. Wells*, 2015 WL 1276713, at *5 (M.D. La. Mar. 19, 2015), *aff'd*, 628 F. App'x. 260 (5th Cir. 2015). This provision normally requires the "denial be manifest in a formal expression of state law," such as a legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Dunn*, 2018 WL 2244703 at *5. Failure to satisfy this prong of the test is "fatal to removal." *Sanders v. Wright*, No. 5:17CV131-RWS-CMC, 2017 WL 3599536, at *7 (E.D. Tex. Aug. 22, 2017).

However, McKenzie has not identified any Texas law or policy in his Notice of Removal, nor has he filed any pleadings subsequently showing that he would not be able to bring this claim in state court. *See generally* ECF No. 1. Likewise, he has not pleaded facts to show that he is a federal officer or agent that could pursue removal under § 1443(2). Thus, he has not demonstrated that removal was proper under § 1443.

**B.      There is no other basis for the Court to exercise subject matter jurisdiction.**

The Court does not have removal jurisdiction under any of the other statutes that McKenzie cited in his Notice of Removal. Title 28 U.S.C. § 2403 concerns intervention in a federal case by the United States or by one of the states and does not establish a separate ground for removal jurisdiction. Additionally, there is no federal question jurisdiction under § 1331 in the present case. Federal question jurisdiction exists only when a federal question is presented on the face of the

plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint must "establish[ ] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

McKenzie has not pleaded facts to show that the underlying case filed in the family law court states a federal law cause of action that could form the basis for proper removal. He alleges that the state court action contains various deprivations of fundamental rights guaranteed by the federal Constitution and federal laws, and that the deprivations constitute violations of 42 U.S.C. § 1983. ECF No. 1 at 16. He further alleges that the state's child support orders violate the Federal Consumer Credit Protections Act, the False Claims Act, and the Racketeer Influenced and Corrupt Organizations. ECF No. 1 at 4. McKenzie raises new claims involving constitutional questions under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000b-2, and the First, Fifth, Ninth, Tenth, and Fourteenth Amendments. *Id.* at 4, 8, 22. He also mentions 28 U.S.C. § 1343 as a basis for removal in his Notice of Removal. *Id.* at 4.

However, it is "not sufficient for the federal question to be raised in the answer or in the petition for removal." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, 537 U.S. 1046 (2002). "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint." *Caterpillar*, 482 U.S. at 393. Moreover, "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim" because "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

McKenzie has not provided any state court pleadings or other documents identifying the federal question that he has alleged in this removal action. *See generally* ECF No. 1. The only documents presented to the Court are documents related to the child support issue. *Id.* McKenzie references the "unconstitutional rights deprivations" of Texas court cases as the basis for his action (*Id.* at 8-11) and prays this Court issue a declaratory judgment finding that the original state court proceedings removed were void (*Id.* at 23). He also seeks civil damages of $10 million for "falsely stolen monies" and for the "general torture and manifest abuse" he believes he suffered. *Id.* at 23.

State law typically governs the enforcement of child support laws. *Est. of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009) ("in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts"); *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (holding that as a general rule, federal courts refuse to hear suits to obtain child support and actions to enforce separation decrees still subject to state court modification). Thus, because McKenzie has not shown that the underlying child support proceeding in state family court presents a federally created cause of action or that his right to relief is dependent on the resolution of a substantial question of federal law, the Court does not have federal question jurisdiction over this case, regardless of the federal law references mentioned in the removal Notice.

### C.    Even if the Court had removal jurisdiction, it should abstain from considering McKenzie's claims under *Younger*.

The Court should abstain from exercising subject matter jurisdiction over the ongoing state case under the *Younger* doctrine. *See Younger,* 401 U.S. 37; *Morse v. Fed. Nat'l Mortg. Ass'n*, No. 4:18-cv-39-ALM-CAN, 2019 WL 1177989, at \*5-7 (E.D. Tex. Feb. 12, 2019), *rec. adopted*, 2019 WL 1168530 (E.D. Tex. Mar. 13, 2019). *Younger* requires abstention where "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an

important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (analyzing two of the three elements in a 42 U.S.C. § 1983 case); *Murphy*, 168 F.3d at 737 n.1 (authorizing *sua sponte* abstention).

McKenzie was a party to a child custody case in state court, and the instant case seeks to invalidate the state court judgment. *See* ECF No. 1 at 1. McKenzie argues that the state court child custody system is unconstitutional and does not meet basic due process requirements. *Id.* at 2.

The Court should abstain from exercising its jurisdiction to consider McKenzie's claims regarding the ongoing state case because the claims meet all three conditions for *Younger* abstention. Continuation of this case would interfere with the state court case because McKenzie explicitly requests that the Court void the related state court child custody decision. *Id.* at 1. Moreover, enforcing state court judgments involve important state interests. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 2, (1987) ("This Court's precedents[] repeatedly have recognized that the States have important interests in administering certain aspects of their judicial systems. These include enforcing the orders and judgments of the States' courts.") Finally, the remedies that are available to appeal the decision in state court afford McKenzie an adequate opportunity to litigate his claims. *See Middlesex Cty.*, 457 U.S. at 435. As a result, the Court should abstain from exercising its jurisdiction under *Younger*.

Even though McKenzie asks this Court to provide relief in seemingly unrelated issues such as invalidating the state court child custody system, the effect of these actions would effectively rule on the validity of ongoing state court cases. And the right to seek extraordinary relief and to appeal adverse judgments within the state court system provides a sufficient opportunity to litigate

his claims. On the facts presented here, and because McKenzie has not shown any reason that abstention would be inappropriate, the Court should abstain from entertaining his claims under *Younger* and dismiss the claims without prejudice. *See Foster v. City of El Paso*, 308 F. App'x 811, at *1 (5th Cir. 2009) (dismissal under *Younger* abstention is without prejudice).

### D.      The Court should remand the case without leave to amend.

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible, the Fifth Circuit has recommended that dismissal of suits for failure to state a claim be without prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice).

As a result, a district court must generally afford a *pro se* plaintiff an opportunity to amend before dismissing for failure to state a claim. *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, where the Court determines that a *pro se* plaintiff has had the opportunity to state his best case, the Court may dismiss his complaint with prejudice. *See, e.g., id.*; *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citing *Bazrowx*, 136 F.3d at 1054) (affirming the district court's dismissal with prejudice where the *pro se* plaintiff's response to a questionnaire showed he had pleaded his best case); *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (affirming dismissal with prejudice where *pro se* plaintiff's questionnaire and objections to magistrate judge's recommendation showed he had pleaded his best case); *Hunter v. Wilson*, 3:16-cv-1289-L-BN,

2016 WL 9781808, at *2-4 (N.D. Tex. Sept. 16, 2016), rec. adopted, 3:16-cv-1289-L, 2017 WL 4539431 (N.D. Tex. Oct. 11, 2017).

As noted above, McKenzie's filings contain sweeping allegations of lawlessness, but they do not articulate a coherent legal claim capable of satisfying Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Because he appears *pro se*, McKenzie's pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *Estelle*, 429 U.S. at 106 (quoting *Haines*, 404 U.S. at 520). But no amount of liberal construction could manufacture a viable legal claim from McKenzie's pleadings, which are "clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotations omitted).

The undersigned finds that McKenzie has pleaded his best case. Because any further amendment would not be likely to state a viable claim against Defendants, any further amendment would be futile. And amendment also would be futile because the Court should abstain from considering the case under *Younger*. *See Taubenfeld v. Hotels.com*, 385 F. Supp. 587, 592 (N.D. Tex. 2004) (holding that amendment is futile when a claim is "not actionable as a matter of law"). Thus, Chief Judge O'Connor should remand the case to the state family law court and not grant McKenzie an opportunity to amend his Notice of Removal.

McKenzie has now filed four similar actions requesting relief involving his state court child custody case, in which he alleges various constitutional and statutory violations without a legal basis for the Court to exercise subject matter jurisdiction over his case. Chief Judge O'Connor should admonish McKenzie for such duplicative and meritless actions and warn him that the Court may impose monetary sanctions or other filings sanctions on him for future filing of vexatious litigation that is abusive and harassing in nature.

11

## IV.    CONCLUSION

After completing judicial screening under 28 U.S.C. § 1915(e)(2), the undersigned recommends that Chief Judge O'Connor **REMAND** the case to the 233rd Judicial District Court of Tarrant County, Texas, because the Court lacks subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on February 27, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

12