**UNITED STATES DISTRICT COURT NORTHERN**

**DISTRICT OF TEXAS**

Cause No.: 4:26-cv-00125-O-BP

| | |
|---|---|
| **KELLI MARIE MCKENZIE,** *a.k.a.* *KELLI MARIE RAYBURN,* <br> Plaintiff and Counter-Defendant, <br><br> **v.** <br><br> **LEWIS BROOKS MCKENZIE,** <br> individually as Defendant and <br> Counter/Cross-Plaintiff, *and* as Relator <br> *ex rel.* UNITED STATES, Statutory <br> Intervenor and Cross-Plaintiff, <br><br> **v.** <br><br> **STATE OF TEXAS, JUDITH G.** <br> **WELLS** in her individual capacity, and <br> **HOLLY L. HAYES,** <br> Cross-Defendants. | ) **In a removal from the 233rd Judicial District Court of** <br> ) **Tarrant County, TX** <br> ) **State Case Number:  233-651265-18** <br> ) *("In the Interest of D.B.K., a Child")* Judith G. <br> ) Wells, presiding <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **FORMAL DEMAND FOR JURY TRIAL** <br> ) <br> ) **CONSTITUTIONAL CHALLENGES** <br> ) <br> ) **INJUNCTIVE RELIEF REQUESTED** |

## OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION; MOTION TO RECUSE MAGISTRATE JUDGE HAL R. RAY JR. AND DISTRICT JUDGE REED O'CONNOR; MOTION FOR CHANGE OF VENUE; FEDERAL CRIMINAL COMPLAINT; MOTION TO REFER FOR FEDERAL CRIMINAL INVESTIGATION

COMES NOW Dr. Brooks McKenzie, proceeding pro se as Defendant, Counter/Cross-Plaintiff, and Relator ex rel. United States filing the OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION; MOTION TO RECUSE MAGISTRATE JUDGE HAL R. RAY JR. AND DISTRICT JUDGE REED O'CONNOR; MOTION FOR CHANGE OF VENUE; FEDERAL CRIMINAL COMPLAINT; MOTION TO REFER FOR FEDERAL CRIMINAL INVESTIGATION as a single unified document to endure the court can address the underlying criminal issues prior to any other motion, and not get loose with the federal rules and statutes, as has already happened in multiple NDTX filings, or so it appears. This entire dumpster-fire of a

court seems to be deeply in bed with the corrupt 8th Administrative Judge David Evans, and has been openly protecting felons who sit on the benches of Tarrant County courts. Welcome to my world, I specialize in making just such court actors famous, as I will at the 2026 Republican Party of Texas Convention in Houston; I am running for the State Chair of the Party and will be addressing approximately 10,000 Republican delegates repeatedly, so everyone will hear of what is happening in Tarrant and the NDTX, I promise.

**OBJECTIONS TO MAGISTRATE JUDGE HAL R. RAY JR.'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

COMES NOW Dr. Brooks McKenzie, proceeding pro se as Defendant, Counter/Cross-Plaintiff, and Relator ex rel. United States. I object to Magistrate Judge Hal R. Ray Jr.'s Findings, Conclusions, and Recommendation issued on February 27, 2026, pursuant to 28 U.S.C. § 636(b)(1)(C). These objections are timely filed within 14 days as required by Federal Rule of Civil Procedure 72(b). I demand de novo review by the District Judge.

Magistrate Judge Ray's recommendation to remand this case to state court is erroneous and violates my rights under the Fifth and Fourteenth Amendments to the United States Constitution. The removal was proper under 28 U.S.C. § 1443 because the state court proceedings involve denial of equal civil rights that cannot be enforced in state court due to systemic corruption, as verified in Georgia v. Rachel, 384 U.S. 780 (1966). The Supreme Court has established in seminal removal cases from the 1960s and 1970s that in a removal under 28 U.S.C. § 1443, the federal court <u>must conduct a fact-finding process to determine if rights under laws providing for equal civil rights are denied</u>, which establishes final removal jurisdiction. I am entitled to judicial notice of this fact or, in the alternative, an evidentiary hearing on the matter. Neither Magistrate Judge Ray nor any other judicial officer can act as fact-finder here because I have reserved all fact-finding solely to a jury under the Seventh Amendment. If the court declines judicial notice, I demand an evidentiary hearing where I will present evidence to prove the adjudicative facts controlling this removal.

The screening of my complaint under 28 U.S.C. § 1915 is improper because I am not a prisoner suing the government as defined in 28 U.S.C. § 1915A. That statute applies only to prisoners, and I do not meet that criterion, as confirmed by the statute's text limiting it to prisoner actions against governmental entities. Courts have authority for sua sponte review of federal subject matter jurisdiction under various statutes, but such review is typically prompted by an opposing party, not initiated without basis as here.

My False Claims Act claims under 31 U.S.C. § 3730 <u>cannot be dismissed without</u>

participation from the United States Attorney General or the local United States Attorney, as required by 31 U.S.C. § 3730(b)(1), which mandates that the action may be dismissed only with the court's and Attorney General's written consent. No such participation has occurred, rendering any dismissal premature and violative of due process under the Fifth Amendment.

Younger abstention does not apply to this case, as it is limited to ongoing state criminal proceedings and does not bar federal intervention in civil matters involving constitutional violations, especially where state remedies are inadequate due to corruption. It is fraudulent on its face and inapplicable in multiple ways. Neither does the Rooker-Feldman doctrine apply per established Fifth Circuit precedent, which holds it bars only federal review of final state court judgments and does not preclude independent constitutional challenges, nor does the domestic relations exception, which is limited to diversity jurisdiction cases under 28 U.S.C. § 1332. Both Younger abstention and Rooker-Feldman expressly permit constitutional challenges to the statutes underlying the state case, as I have raised here. Making facial and as-applied challenges to state statutes is standard in federal courts and establishes federal question jurisdiction under 28 U.S.C. § 1331.

The racial discrimination element under 28 U.S.C. § 1443(1) is present, but even if contested, **the remand of ongoing state proceedings is distinct from my constitutional challenges to statewide statutes and practices, which proceed under normal federal question jurisdiction under 28 U.S.C. § 1331**.

**Magistrate Judge Ray fails to address the extrinsic fraud committed by Judges Mark T. Pittman and Magistrate Judge Jeffrey L. Cureton in prior removals**. Judge Pittman has a long-standing fiduciary relationship with 8th Administrative Regional Judge David Evans, which creates an appearance of impropriety under 28 U.S.C. § 455(a) and requires recusal. This relationship has been hidden, rendering all prior rulings *void ab initio* under the Due Process Clause of the Fourteenth Amendment. Magistrate Judge Cureton sealed my 2025 removal forever **within 24 hours without hearing or review**, violating 18 U.S.C. § 242 and my First Amendment right to public access. **This pattern of corruption in the Northern District of Texas, including refusal to recuse, demonstrates conspiracy under 18 U.S.C. § 241 and necessitates immediate intervention by the Federal Bureau of Investigation and Department of Justice to investigate and prosecute these violations, as the entire district is compromised and unable to provide impartial justice**.

The state court cannot proceed on child support enforcement due to abatement requirements until jurisdictional questions are resolved. Such enforcement is prohibited by 15 U.S.C. § 1673(c) because the order violates 15 U.S.C. § 1673(b), which limits child

support garnishment to 50-60 percent of disposable earnings, or 55-65 percent for arrears over 12 weeks, and prohibits exceeding these limits without substantial due process. My disposable earnings are zero as an indigent, and states cannot impute income under 15 U.S.C. § 1672, which defines disposable earnings as actual compensation after deductions. As an indigent facing enforcement, I am entitled to appointed counsel before any contempt hearing under the Due Process Clause of the Fourteenth Amendment, as held in Ridgway v. Baker, 720 F.2d 1409 (5th Cir. 1983), and similar cases across circuits requiring counsel where incarceration is possible.

This corruption extends to patterns in other Tarrant County cases where similar judicial misconduct, false imprisonment, and due process violations occurred without accountability. The Tarrant County Sheriff and District Attorney refuse to investigate probable cause felony warrants against sitting judges, violating 18 U.S.C. § 242. I demand immediate federal law enforcement intervention by the FBI and DOJ to dismantle this systemic corruption in Tarrant County Family Courts and the Northern District of Texas, including arrests and prosecutions under 18 U.S.C. §§ 241 and 242.

**I demand this case remain in federal court, with an evidentiary hearing, jury trial, and referral for criminal investigation into the Northern District of Texas and Tarrant County actors.**

Respectfully submitted this 8th day of March, 2026.

/s/ Dr. L. Brooks McKenzie
Dr. L. Brooks McKenzie
4207 Bayside Ct
Arlington, TX 76016
Phone: (972) 837-5678
Corrupt233rd@proton.me

## CERTIFICATE OF SERVICE

I certify that on March 8, 2026, I served a copy of these Objections on all parties via the court's CM/ECF system or by certified mail.

/s/ Dr. Brooks McKenzie

## MOTION TO RECUSE MAGISTRATE JUDGE HAL R. RAY JR. AND DISTRICT JUDGE REED O'CONNOR

COMES NOW Dr. Brooks McKenzie, moving to recuse Magistrate Judge Hal R. Ray Jr. and District Judge Reed O'Connor pursuant to 28 U.S.C. § 455(a) for appearance of impartiality and 28 U.S.C. § 455(b)(1) for personal bias, as the statute requires disqualification where impartiality might reasonably be questioned or personal bias exists.

Magistrate Judge Ray's Findings ignore key statutes like 28 U.S.C. § 1443 and 31 U.S.C. § 3730, recommending remand without evidentiary hearing, violating my Fifth Amendment due process rights. This creates an appearance of bias in favor of corrupt state actors. Judge O'Connor, by assigning this to Ray and not addressing prior fraud by Pittman and Cureton, perpetuates the conspiracy.

The Northern District of Texas is corrupted, as evidenced by Pittman's undisclosed fiduciary relationship with David Evans, violating 28 U.S.C. § 455 and my Fourteenth Amendment rights. Cureton's perpetual sealing without cause violates First Amendment public access. This district cannot impartially adjudicate cases involving Tarrant County corruption. I demand FBI and DOJ intervention to investigate and prosecute these judges under 18 U.S.C. §§ 241 and 242 for conspiracy and deprivation of rights under color of law. Recusal is required to avoid impropriety.

Respectfully submitted this 8th day of March, 2026.

/s/ Dr. L. Brooks McKenzie
Dr. L. Brooks McKenzie
4207 Bayside Ct
Arlington, TX 76016
Phone: (972) 837-5678
Corrupt233rd@proton.me

## MOTION FOR CHANGE OF VENUE

COMES NOW Dr. Brooks McKenzie, moving for change of venue under 28 U.S.C. § 1404(a) for convenience and justice, and 28 U.S.C. § 1406(a) for improper venue due to systemic corruption in the Northern District of Texas.

Judges Pittman, Cureton, and Ray have committed extrinsic fraud by hiding Pittman's fiduciary ties to David Evans, violating 28 U.S.C. § 455 and my Fourteenth Amendment rights. Cureton's 24-hour perpetual seal violates 18 U.S.C. § 242. This district cannot impartially adjudicate cases involving Tarrant County corruption. I demand FBI and DOJ intervention to investigate the Northern District of Texas and Tarrant County actors under

18 U.S.C. §§ 241 and 242.

I request transfer to the Eastern District of Texas or another unbiased district for justice and convenience.

Respectfully submitted this 8th day of March, 2026.

/s/ Dr. L. Brooks McKenzie
Dr. L. Brooks McKenzie
4207 Bayside Ct
Arlington, TX 76016
Phone: (972) 837-5678
Corrupt233rd@proton.me

## CERTIFICATE OF SERVICE

I certify that on March 8, 2026, I served a copy of these Objections on all parties via the court's CM/ECF system or by certified mail.

/s/ Dr. Brooks McKenzie

## FEDERAL CRIMINAL COMPLAINT

COMES NOW Dr. Brooks McKenzie, filing this criminal complaint under 18 U.S.C. §§ 241 and 242 against Judges Mark T. Pittman, Jeffrey L. Cureton, Hal R. Ray Jr., Reed O'Connor, Judith G. Wells, Holly L. Hayes, the Tarrant County Sheriff, and District Attorney.

These actors have conspired to deprive me of due process under the Fifth and Fourteenth Amendments by sealing removals without hearing, failing to recuse despite fiduciary conflicts, and ignoring statutes like 28 U.S.C. § 1443. Pittman's ties to Evans create bias, voiding rulings ab initio. Cureton's 24-hour perpetual seal violates 18 U.S.C. § 242. Tarrant actors refuse to investigate felonies against judges, aiding the conspiracy. Patterns show systemic rights violations. I demand immediate referral to the United States Attorney for prosecution, and FBI and DOJ investigation into the Northern District of Texas and Tarrant County Family Courts.

Respectfully submitted this 8th day of March, 2026.

/s/ Dr. L. Brooks McKenzie

Dr. L. Brooks McKenzie
4207 Bayside Ct
Arlington, TX 76016
Phone: (972) 837-5678
Corrupt233rd@proton.me


## VERIFICATION - UNSWORN DECLARATION JURAT

"My name is Lewis Brooks McKenzie, my date of birth is August 1, 1971, I am over 18 years of age, of sound mind and body, and my address is 4207 Bayside Court, Arlington, Texas 76016, Tarrant County, USA. I declare under penalty of perjury that the facts in the forgoing are within my personal knowledge and are true and correct. I am the Relator/Affiant in this matter and all of the documents included in this filing are true and correct copies and that the included Appendixes and/or Exhibits are true and correct copies."

/s/ Dr. Lewis Brooks McKenzie
Lewis Brooks McKenzie, PhD
4207 Bayside Ct
Arlington, TX 76016
Phone: (972) 837-5678
Brooks@MolaeMinisteria.org
Corrupt233rd@proton.me

Executed in Tarrant County, State of Texas, on this date March 8, 2026

## CERTIFICATE OF SERVICE

I certify that on March 8, 2026, I served a copy of these Objections on all parties via the court's CM/ECF system or by certified mail.

/s/ Dr. Brooks McKenzie


## MOTION TO REFER FOR FEDERAL CRIMINAL INVESTIGATION

COMES NOW Dr. Brooks McKenzie, moving under 18 U.S.C. § 4 to refer this matter to the Department of Justice, Federal Bureau of Investigation, and United States Attorney for criminal investigation into violations of 18 U.S.C. §§ 241 and 242 by Northern District of Texas Judges Mark T. Pittman, Jeffrey L. Cureton, Hal R. Ray Jr., Reed O'Connor, and Tarrant County actors including Judge Judith G. Wells, Holly L. Hayes (who appears to not

even be a real human being, Ms. Hayes appears to be a billing code used by the State), the Tarrant County Sheriff, and District Attorney.

These actors have conspired to deprive me of due process, have sealed removals without hearing, failing to recuse despite conflicts, openly violated the constitution and committed felonies, and are intent upon ignoring federal statutes. This systemic corruption requires immediate FBI and DOJ intervention to investigate, arrest, and prosecute all involved, dismantling the corrupt networks in Tarrant County Family Courts and the Northern District of Texas. I demand urgent action to protect constitutional rights.

Respectfully submitted this 8th day of March, 2026.

/s/ Dr. Lewis Brooks McKenzie
Lewis Brooks McKenzie, PhD
4207 Bayside Ct
Arlington, TX 76016
Phone: (972) 837-5678
Brooks@MolaeMinisteria.org
Corrupt233rd@proton.me


**CERTIFICATE OF SERVICE**

I certify that on March 8, 2026, I served a copy of these Objections on all parties via the court's CM/ECF system or by certified mail.

/s/ Dr. Brooks McKenzie